IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____

ANDRE W. PORTER,

       Petitioner,

 v.                                      Civil Action No.
                                           02-CV-1027(FJS/DEP)

WARDEN, FCI FORT DIX, *et al.*,

       Respondents.

_____

APPEARANCES:                           OF COUNSEL:

FOR PETITIONER:

ANDRE W. PORTER, *pro se*

FOR RESPONDENTS:

HON. ELIOT SPITZER              STEVEN H. SCHWARTZ
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>REPORT AND RECOMMENDATION</u>

     Petitioner Andre W. Porter, a federal prison inmate currently confined

within the Federal Correctional Institution located at Fort Dix, New Jersey

("FCI Fort Dix"), has commenced this proceeding seeking federal habeas

review of a 1988 New York State drug conviction which, he maintains, was

the product of violation of his constitutionally protected rights and has resulted in his serving a lengthier prison term on a subsequent, unrelated federal conviction than had he not been convicted of that drug offense.[1] Petitioner argues that the relatively recent conviction of one of the arresting officers involved in his drug trafficking prosecution from thirteen years earlier constitutes newly discovered evidence fatally undermining his conviction, which came by way of a guilty plea.  Respondent opposes Porter's petition arguing, *inter alia*, both its untimeliness and petitioner's failure to fully exhaust available state court remedies before commencing this proceeding.

Based upon a review of the record I find that Porter's petition was timely filed, but that this court lacks jurisdiction to entertain his claims, based upon his release from custody prior to the commencement of this proceeding.  I also find that petitioner has failed to fully exhaust available

---

[1]     The circumstances surrounding petitioner's present confinement at FCI Fort Dix are not readily apparent from the record now before the court.  According to an affirmation from Assistant Schenectady County District Attorney Alfred D. Chapleau, Esq., given in opposition to the second of Porter's N.Y. Criminal Procedure Law § 440.10 motions, following his release in connection with the convictions at issue in this proceeding, Porter was convicted on other state drug sale charges, and on January 5, 1996 was sentenced to a period of two to four years of imprisonment. Chapleau Aff. in Opposition to Section 440.10 Motion ¶ 4(f).  In addition to having been prosecuted in state court on that subsequent drug charge, petitioner was apparently the subject of a further, federal prosecution, resulting in his current confinement.

state remedies, thereby precluding this court's habeas review.

I.      BACKGROUND

Petitioner was indicted by a Schenectady County grand jury in 1987 and charged with drug possession offenses involving two distinct incidents, occurring in the City of Schenectady on September 19 and 27, 1987.  The charges lodged against Porter in that indictment involved possession of varying amounts of cocaine.

Following a suppression hearing held on June 23, 1988 regarding the two incidents the trial court found that evidence seized by law enforcement officials, in the form of bags containing powder cocaine, was not constitutionally tainted, and thus need not be suppressed.  Porter subsequently entered a plea of guilty in Schenectady County Court on September 6, 1988 to the two charges set forth in the indictment, including criminal possession of a controlled substance in the third degree, a class B felony, and criminal possession of a controlled substance in the fourth degree, a class C felony.  As a result of that guilty plea petitioner was sentenced to concurrent terms of between five and fifteen and three and nine years of imprisonment, respectively.

Petitioner's conviction was affirmed on direct appeal to the New York

State Supreme Court Appellate Division, Third Judicial Department. *People v. Porter*, 169 A.D.2d 882, 564 N.Y.S.2d 812 (3d Dept. 1991).  In a concise memorandum opinion affirming the conviction, the Third Department rejected petitioner's argument that the drugs seized on the dates in question should have been suppressed, finding that Porter's actions "constituted an abandonment of the property, thus authorizing a seizure of the property by the police without a violation of defendant's constitutional rights[.]"  *Id.* at 882-83, 564 N.Y.S.2d at 803.  The Appellate Division summarily rejected the various other contentions raised by the petitioner in that appeal.[2]  *Porter*, 169 A.D.2d at 883, 564 N.Y.S.2d at 813.

On or about February 27, 2001, petitioner moved pursuant to N.Y. Criminal Procedural Law § 440.10 to vacate his conviction, alleging that two of the Schenectady City police officers involved in Porter's case, Nicola Messere and Robert Frederick, had committed perjury during the course of the suppression hearing conducted by the trial court.  Petitioner's section 440.10 motion was denied by Schenectady County Court Judge Michael C.

---

[2]     Because neither party has supplied the court with the briefs associated with that challenge, I have been unable to discern what other issues were placed in contention in that appeal.  In light of the circumstances now presented, however, it is unlikely that those other issues are relevant to the claims now being asserted.

Eidens on May 22, 2001, on the basis that the grounds asserted were not properly preserved for appellate review, that appellate review in this case was waived as a result of Porter's guilty plea, which the court found to have been knowingly and voluntarily entered. Petitioner's application for leave to appeal that ruling was denied by the Third Department on August 3, 2001.

On January 10, 2002 Porter filed a second section 440.10 motion to vacate his conviction, alleging in that application that the recent arrest and conviction of Officer Messere on drug charges constituted new evidence drawing into doubt the vitality of his conviction and strongly suggesting that testimony given by that officer at the suppression hearing which preceded the entry of his guilty plea was perjurious. Petitioner's second section 440.10 motion was denied by decision and order issued by Judge Eidens on May 1, 2002. In that decision, Judge Eidens applied the prevailing test for determining whether newly discovered evidence is sufficient to warrant the setting aside of a conviction under section 440.10, looking to *People v. Reyes*, 255 A.D.2d 261, 680 N.Y.S.2d 493 (1st Dept. 1998), a case presenting circumstances similar to those in this instance, for guidance. Based upon his review, Judge Eidens concluded that Officer Messere's conviction some thirteen years after Porter's 1988 prosecution did not infect

the integrity of the earlier proceeding.  In making that finding, Judge Eidens

noted that the officer's conviction was not related to the crimes for which

petitioner was convicted, and thus the new evidence would potentially bear

only upon the issue of the officer's credibility.  Judge Eidens further noted

that in any event the requested relief of vacating the petitioner's conviction

was foreclosed by the fact of his knowing and voluntary guilty plea.

Petitioner did not seek appellate review of the denial of his second section

440.10 motion.

II.   PROCEDURAL HISTORY

Petitioner commenced this proceeding on August 9, 2002, naming as

the respondent the "People of New York."  Dkt. No. 1.  After being ordered to

substitute the superintendent of the facility in which he was incarcerated as

the named respondent, Dkt. No. 4, on November 22, 2002 Porter filed an

amended petition, accompanied by a supporting affidavit and legal

memorandum, naming the Warden at FCI Fort Dix as the respondent.  Dkt.

No. 8.  Recognizing the presence of the Fort Dix Warden outside of the

geographic limitations of the State of New York, Chief Judge Frederick J.

Scullin, Jr. ordered on December 5, 2002 that the New York State Attorney

General be named as a respondent.  Dkt. No. 9.

On June 23, 2003 the Office of the New York State Attorney General, acting on behalf of the respondents, filed a response to Porter's petition. Dkt. Nos. 17, 18.  In that opposition, *inter alia*, respondent argues that the petition is untimely under the governing statute of limitations, and that Porter is procedurally barred from asserting the claims set forth in that petition by virtue of his failure to appeal from the denial of his second section 440.10 motion.  *Id.*  Petitioner has since filed a "traverse" in further support of his petition on August 13, 2003.  Dkt. No. 22.

This matter, which is now ripe for determination, has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

III.   DISCUSSION

      A.    Subject Matter Jurisdiction

Although respondent does not raise this argument, the unique circumstances of this case present a threshold question of whether this court has jurisdiction to entertain Porter's section 2254 challenge to his 1988 conviction, given that he has fully served the sentences imposed, and thus no longer suffers any direct consequences as a result of the disputed

7

conviction.  Because the issue implicates the question of subject matter

jurisdiction, which the court is obliged to examine of its own initiative, *World

Trade Ctr. Properties, L.L.C. v. Hartford Fire Ins. Co.*, 345 F.3d 154, 160 (2d

Cir. 2003) (citing *Petereit v. SB Thomas, Inc.*, 63 F.3d 1169, 1175 (2d Cir.

1995)), I will first address the question of whether Porter's petition presents

a live controversy susceptible of habeas review.

United States courts are empowered by the relevant federal habeas

statute to entertain petitions for habeas relief only from state prisoners who

are "in custody in violation of the Constitution or laws or treaties of the

United States."  28 U.S.C. § 2254(a).  The United States Supreme Court has

interpreted this language as requiring that a habeas petitioner be in custody

because of the conviction or sentence under attack at the time the petition is

filed.  *See Carafas v. LaVallee*, 391 U.S. 234, 238-39, 88 S. Ct. 1556, 1559-

60 (1968).  While observing that the lingering impact of collateral

consequences flowing from a conviction can preclude a finding of mootness

in a constitutional sense after release of a petitioner from custody, the Court

in *Carafas* nonetheless concluded that the statutory habeas powers

conferred under section 2254 extend only to petitioners who are in custody.

*Carafas*, 391 U.S. at 237-38, 88 S. Ct. at 1559-60.

8

In his petition, Porter asserts that while he is no longer serving the sentence imposed in connection with it, his 1988 conviction has had lasting consequences.  Petitioner maintains that because of that conviction and resulting sentence, a later federal sentence which he received was enhanced beyond that which would have otherwise applied absent the state conviction.

Undeniably, the fact of a petitioner's release from physical custody does not in and of itself divest a court of jurisdiction to entertain a federal habeas petition under 28 U.S.C. § 2254, particularly when there remain concrete, lasting collateral consequences associated with the conviction at issue.  *Carafas*, 391 U.S. at 237-40, 88 S. Ct. at 1558-61.  Thus, for example, a petitioner who has been released from prison but remains on parole in connection with an underlying, unexpired sentence may be able to satisfy the custody requirement.  *See Jones v. Cunningham*, 371 U.S. 236, 243, 83 S. Ct. 373, 377 (1963).

The theory now advanced by Porter in support of his quest for section 2254 habeas review was squarely addressed and rejected by the Supreme Court in *Maleng v. Cook*, 490 U.S. 488, 109 S. Ct. 1923 (1989).  In its decision in that case, the Court observed that

9

> [t]he question presented by this case is whether a
> habeas petitioner remains "in custody" under a
> conviction after the sentence imposed for it has fully
> expired, merely because of the possibility that the
> prior conviction will be used to enhance the
> sentences imposed for any subsequent crimes of
> which he is convicted.  We hold that he does not.

490 U.S. at 492, 109 S. Ct. at 1926.  Moreover, although the *Maleng* court

left open the possibility that a prior conviction could be subject to challenge

by way of attack upon the sentence which it was used to enhance, *id.* at

494, 109 S. Ct. at 1927, the Supreme Court foreclosed that possibility in

*Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 121 S. Ct.

1567 (2001), holding – based on policy considerations of finality of

convictions and ease of administration – that section 2254 is generally

unavailable as a mechanism for state prisoners to challenge an enhanced

sentence on the ground that the prior conviction was unconstitutionally

obtained.[3]  532 U.S. at 402-04, 121 S. Ct. at 1573-74.

    Because the petitioner has concluded serving the sentence which he

seeks to challenge, and the remaining tangible effects of that 1988

conviction – including the possibility that the present sentence he now

---

[3]    Although the Court held that a limited exception to this rule exists where
a petitioner can demonstrate that the prior conviction was obtained following a failure
to appoint counsel in violation of the Sixth Amendment, 532 U.S. at 404-05, 121 S. Ct.
at 1574, that exception does not apply here.

serves was enhanced by it – are exceedingly attenuated I am unable to

conclude, based upon the current record, that petitioner has met the "in

custody" requirement of section 2254 sufficient to establish this court's

jurisdiction to entertain his petition.  *Maleng*, 490 U.S. at 492-94, 109 S. Ct.

at 1926-27.  I therefore recommend a finding that this court lacks subject

matter jurisdiction to entertain the instant petition.

      B.    <u>Statute of Limitations</u>

      In light of the significant hiatus between the entry of Porter's conviction

and his commencement of this proceeding, respondent argues that

petitioner's claims are barred by the governing statute of limitations.

      Enactment by Congress of the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996),

brought about significant changes to the prisoner litigation landscape.  One

of those was the institution of a one-year statute of limitations for habeas

corpus petitions filed after April 24, 1996.[4]  28 U.S.C. § 2244(d).

---

[4]     That section provides, in relevant part, that

(1) [a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

11

The obvious starting point for resolving issues surrounding the timeliness of a section 2254 habeas petition is determination of when the challenged conviction became final.  In cases such as this, courts have applied this timeliness provision to require the filing of habeas petitions challenging convictions pre-dating enactment of AEDPA within one year of its effective date, or on or before April 24, 1997.[5]  *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998).

_____Quite obviously by all accounts, and taking into consideration all applicable tolling periods during the pendency of the various state court collateral challenges mounted by Porter with respect to his 1988 conviction, the petition in this matter was filed long after expiration of the governing one year limitation period.  Petitioner nonetheless argues that he is entitled to the

_____

\*       \*       \*

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

[5]       In the case of convictions finalized subsequent to the April 24, 1996 effective date of the AEDPA, a state conviction becomes final when the time to seek review in the Supreme Court by petition for writ of *certiorari* expires. *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir.), *cert. denied*, 534 U.S. 924, 122 S. Ct. 279 (2001).

12

benefit of one of the exceptions built into the AEDPA's limitation provision,

permitting a late habeas filing based upon the existence of new evidence

which could not have been discovered earlier through the exercise of due

diligence.[6]

Nicole Messere, the police officer who is at the focal point of this

matter, was prosecuted in this district.  *See United States v. Hamilton*, No.

01-CR-227 (N.D.N.Y.).  According to available court records, Officer

Messere was found guilty, following a jury trial, of "controlled substance --

distribute" on January 17, 2002, and was thereafter sentenced on May 10,

2002 to twenty-seven months of imprisonment.[7]  Action No. 01-CR-227, Dkt.

Nos. 77, 148.  Petitioner commenced this proceeding on August 9, 2002,

and thus within one year of Officer Messere's conviction and sentencing.

Based upon this sequence of events, I find that the petition is timely under

section 2244(d)(1)(D).

---

[6]     Porter's claim in this regard is based upon a provision which requires that
the one year limitation period "[s]hall run from the latest of --(D) The date on which the
factual predicate of the claim or claims presented could have been discovered through
the exercise of due diligence."  28 U.S.C. § 2244(d)(1).

[7]     Petitioner argues that in that federal proceeding Officer Messere was
found guilty of engaging in conduct similar to that which he alleges occurred in his case
– the planting of evidence.  *See* Amended Petition (Dkt. No. 8) Statement of Facts ¶
14.  There is no evidence in the record now before the court to substantiate this
allegation.

In support of his untimeliness defense, respondent argues that Porter may avail himself of the newly discovered evidence exception of section 2244(d)(1)(D) only if he additionally establishes his actual innocence.  In making that argument, respondent conflates two discrete concepts – the procedural inquiry as to whether the requirements of section 2241(d)(1)(D) for excusing the late filing of a petition under the AEDPA have been satisfied and the substantive notion that to warrant setting aside a conviction, newly discovered evidence not presented at trial must be found to have such significance that if presented, it is unlikely that a reasonable juror would have found the defendant to be guilty beyond a reasonable doubt.  It is true that in *Lucidore v. New York State Division of Parole*, a habeas proceeding also filed under section 2254 challenging a state court conviction, the Second Circuit addressed the question of "actual innocence" in the context of newly discovered evidence, concluding that "[i]n order to demonstrate actual innocence in a so-called collateral proceeding, a petitioner must present 'new reliable evidence that was not presented at trial' and 'show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'"  209 F.3d 107, 114 (2d Cir. 2000) (citing and quoting *Schlup v. Delo*, 513 U.S. 298, 325, 327-28, 115 S. Ct. 851, 865,

14

867 (1995)).  That case, however, dealt with an actual innocence exception claimed by the petitioner to be constitutionally mandated as an excuse for filing his petition more than one year after coming into possession of the evidence claimed to have been newly discovered.  That and similar cases are therefore inapposite, since in this proceeding, in which Porter asserts that he was deprived of due process by allegedly false testimony given by one of the arresting officers, petitioner did not become aware of the officer's criminal conviction, and thus the factual predicate of his habeas claim, until within one year prior to the date of filing, thereby obviating the need to resort to the actual innocence safety valve addressed in *Lucidore*.

     C.    Procedural Bar

\_\_\_\_\_Respondent asserts that in the event Porter's petition is regarded as having been timely filed, it should nonetheless be rejected on the procedural basis of his failure to fully exhaust available remedies, coupled with the fact that he is no longer positioned to fulfill that requirement.

     Prior to seeking federal habeas relief, a petitioner must exhaust available state remedies, or demonstrate that there is either an absence of available state remedies or that such remedies cannot adequately protect petitioner's rights. *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001) (quoting

28 U.S.C. § 2254(b)(1)); *Ellman v. Davis*, 42 F.3d 144, 147 (2d Cir. 1994), *cert. denied*, 515 U.S. 1118, 115 S.Ct. 2269 (1995).  The exhaustion doctrine recognizes "respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." *Daye v. Attorney Gen. of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) (citations omitted); *see also Galdamez v. Keane*, 394 F.3d 68, 72 (2d Cir. 2005) ("Comity concerns lie at the core of the exhaustion requirement.").  Although both federal and state courts are charged with securing a state criminal defendant's federal rights, the state courts must initially be given the opportunity to consider and correct any violations of federal law.  *Daye*, 696 F.2d at 191.  "The chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court."  *Id.* at 192.

This exhaustion requirement is satisfied if the federal claim has been "fairly presented" to the state courts.  *See Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (citing *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971)).  A claim has been "fairly presented" if the state courts are apprised of "both the factual and the legal premises of the claim [the petitioner]

16

asserts in federal court." *Daye*, 696 F.2d at 191; *Morales v. Miller*, 41
F.Supp.2d 364, 374 (E.D.N.Y. 1999) (citing *Daye*).  Thus, "the nature or
presentation of the claim must have been likely to alert the court to the
claim's federal nature." *Daye*, 696 F.2d at 192; *Morales*, 41 F. Supp.2d at
374 (quoting *Daye*).

It is true that the petitioner asserted an argument not wholly dissimilar
to that now being raised in his first section 440.10 motion, in which he
alleged that false testimony was given at his suppression hearing, including
by Officer Messere, and that Porter properly sought appellate review of the
trial court's denial of that motion.  As the court's decision denying the
second section 440.10 motion makes clear, however, that first application
predated Officer Messere's conviction, and therefore, unlike the instant
habeas petition, was not based upon that conviction.

Seemingly recognizing the prematurity of his first collateral challenge,
Porter submitted a second, though equally unsuccessful, section 440.10
motion following Officer Messere's conviction.  That second motion explicitly
raised the issue of Officer Messere's conviction for the trial court's
consideration.  After the trial court's rejection of that second challenge,
based principally upon the finding that by his guilty plea Porter had

17

effectively relinquished the argument being raised, Porter failed to avail himself of the right to seek permission for review of that determination by the Third Department.  The taking of that step was required in order for Porter to meet his obligation to fully exhaust available state remedies before commencing a federal habeas proceeding.  *Lyon v. Senkowski*, 109 F.Supp.2d 125, 134 (W.D.N.Y. 2000).

Since the thirty day time period for Porter to appeal the trial court's denial of his second section 440.10 motion has long since expired, while the claim now being raised is "deemed exhausted," it is also procedurally defaulted.  *See Aparicio*, 269 F.3d at 90-91.  Accordingly, habeas review of the substance of this claim is appropriate only if the petitioner can demonstrate cause for his default and actual, resulting prejudice or, alternatively, that a fundamental miscarriage of justice would be left unremedied absent federal habeas review.  *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 735, 111 S. Ct. 2546, 2564 (1991)); *see Smith v. Duncan*, 411 F.3d 340, 347 (2d Cir. 2005) (citations omitted).

A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 2649

18

(1986); *St. Helen v. Senkowski*, 374 F.3d 181, 184 (2d Cir. 2004) ("[i]n the case of procedural default (including where an unexhausted claim no longer can proceed in state court), [a federal court] may reach the merits of the claim only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent") (citations and internal quotations omitted), *cert. denied sub nom.*, *St. Helen v. Miller*, ___ U.S. ___, 125 S.Ct. 871 (2005).

To establish "cause," the petitioner must show that some objective external factor impeded his or her ability to comply with the relevant procedural rule. *Carrier*, 477 U.S. at 488, 106 S.Ct. at 2645; *Restrepo v. Kelly*, 178 F.3d 634, 638 (2d Cir. 1999) (citing *Carrier* and *Coleman*). Examples of external factors include "interference by officials," ineffective assistance of counsel, or that "the factual or legal basis for a claim was not reasonably available" at trial or on direct appeal.[8]  *Carrier*, 477 U.S. at 488, 106 S.Ct. at 2645 (citations and internal quotations omitted).

Porter has failed to establish cause for his failure to exhaust this claim.

---

[8]      It should be noted, however, that "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Coleman*, 501 U.S. at 753, 111 S.Ct. at 2566-67) (quoting *Carrier*, 477 U.S. at 488, 106 S.Ct. at 2645).

Accordingly, I need not decide whether he suffered actual prejudice, since federal habeas relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice is demonstrated.  *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985); *Pou v. Keane*, 977 F.Supp. 577, 581 (N.D.N.Y. 1997) (Kahn, J.) (citing *Stepney*).  Additionally, particularly in view of petitioner's failure to offer any evidence to show his actual innocence of the crime of conviction – and indeed any such claim is belied by his voluntary guilty plea – I find no basis to conclude that my failure to consider the merits of this claim would result in a fundamental miscarriage of justice, which has been interpreted as amounting to "an unjust incarceration." *Spence v. Superintendent, Great Meadow Corr. Fac.*, 219 F.3d 162, 170 (2d Cir. 2000).  I therefore recommend that Porter's petition be denied on this procedural basis.

## IV.    SUMMARY AND RECOMMENDATION

The fact that the petitioner has served all of the time required in connection with his 1988 conviction effectively strips this court of subject matter jurisdiction to address the constitutional validity of that conviction on a petition brought under 28 U.S.C. § 2254.  This result is not altered by the fact that the conviction may have the lasting consequence of enhancing any

20

further criminal sentences imposed upon the petitioner for unrelated offenses committed after the date of his conviction.

In the event that this court were empowered to address Porter's petition, I would recommend a finding that while the petition is timely, having been filed based upon and reasonably promptly after the discovery of new evidence, the claims set forth in it were not properly exhausted and are now procedurally barred, and there is no basis to relieve the petitioner of his procedural default.

RECOMMENDED, that the petition in this matter be DENIED and DISMISSED in all respects.

NOTICE: pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report-recommendation.  Any objections shall be filed with the clerk of the court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

21

It is further ORDERED that the Clerk of the Court serve a copy of this

report and recommendation upon the parties by regular mail.


Dated:      October 11, 2005
            Syracuse, NY

David E. Peebles
U.S. Magistrate Judge


G:\prisoner\porter.wpd

22