**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
**ANDRE W. PORTER,**

    **Petitioner,**

**v.**                                                                          **Civil Action No.**
                                                                        **02-CV-1027**
**WARDEN, FCI FORT DIX, et al.,**                           **(NPM/DEP)**

    **Respondents.**
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**APPEARANCES:**                        **OF COUNSEL:**

**FOR PETITIONER:**

**ANDRE W. PORTER, pro se**
Reg. No. 03128-052
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**FOR RESPONDENTS:**

**HON. ELIOT SPITZER**              **STEVEN H. SCHWARTZ, Esq.**
New York State Attorney General      Principal Attorney
The Capitol
Albany, NY 12224

**NEAL P. MCCURN**
**Senior, United States District Judge**

## MEMORANDUM-DECISION AND ORDER

    Petitioner, pro se Andre W. Porter, a federal prison inmate currently confined in the Federal Correctional Institution located at Fort Dix, New Jersey ("FCI Fort Dix"), has commenced this proceeding seeking federal habeas review of convictions in 1988 following his guilty plea in state court to the crimes of criminal possession of a controlled substance in the third and fourth degrees.

In his petition, Porter argues that his guilty plea was the product of a violation of his constitutionally protected rights. Respondent opposes Porter's petition arguing, inter alia, that: i) it is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"); and ii) petitioner's failure to fully exhaust available state court remedies before commencing this proceeding prohibits this Court from considering the merits of Porter's petition.

In his October 11, 2005 Report-Recommendation, Magistrate Judge David E. Peebles concludes that although Porter's petition was timely filed by him, dismissal of this action is nevertheless required because this federal district court lacks subject matter jurisdiction over this matter. See Dkt. No. 36 ("October, 2005 Report-Recommendation") at 9-11. Judge Peebles further concludes that if it were determined that this Court has subject matter jurisdiction over the petition, Porter's application must nevertheless be dismissed because his failure to exhaust available state remedies constitutes a procedural bar to this Court's review of the substance of his claims. See October, 2005 Report-Recommendation at 15-20.[1]

On November 17, 2005, Porter filed objections to Judge Peebles' October, 2005 Report-Recommendation. See Dkt. No. 38 ("Objections"). On August 17, 2006, Porter filed a notice of motion for bail pending final resolution of his habeas petition. Dkt. No. 41.

## I.    BACKGROUND

### A.    State Court Proceedings

The state court records provided to the Court reflect that in 1987, Porter was indicted by a Schenectady County grand jury and charged with third and fourth degree criminal possession

---

[1] Porter's motion for reconsideration of the October, 2005 Report-Recommendation was denied by Judge Peebles in his order filed November 22, 2005. Dkt. No. 39.

of a controlled substance.  See Indictment No. 987-3 ("Indictment"), Counts One, Two.[2]  On June 23, 1988, Schenectady County Court Judge Clifford T. Harrigan presided over a suppression hearing which the county court held to ascertain whether the evidence seized by law enforcement officials during the course of their investigation – which consisted principally of bags containing powder cocaine – was constitutionally tainted.  See Transcript of Suppression Hearing (6/23/88) ("Suppression Tr.").  Following that hearing, Judge Harrigan denied the suppression motion and scheduled the matter for trial.  E.g., Report-Recommendation at 3.[3]

     Porter's trial on the Indictment was scheduled to commence on September 6, 1988.  However, prior to the selection of a jury for that proceeding, Porter advised the county court that he wished to plead guilty to the Indictment rather than proceed to trial on that accusatory instrument.  See Transcript of Change of Plea (7/6/88) ("Plea Tr.") at 2-4.  Judge Harrigan then engaged in a colloquy with Porter regarding the factual basis for his change of plea, following which the trial court accepted his guilty plea as to the two charges set forth in the Indictment.  See Plea Tr. at 14-16.  As a result of that plea, petitioner was sentenced by the county court to concurrent terms of between five and fifteen and three and nine years of imprisonment, respectively.  See Petition at ¶ 3.

---

    [2]    Those charges arose out of two distinct incidents that were alleged to have occurred in the City of Schenectady, New York on September 19 and 27, 1987.  See Indictment.

    [3]    Although this Court was provided with a copy of the suppression transcript, Judge Harrigan reserved decision on the suppression motion at that hearing.  E.g. Suppression Tr. at 73.  Although the record clearly establishes that the suppression application was ultimately denied, the undersigned was not provided with a copy of the written order in which that determination was memorialized.

Petitioner's convictions were affirmed on direct appeal to the New York State Supreme Court Appellate Division, Third Department. People v. Porter, 169 A.D.2d 882 (3d Dept. 1991). In affirming the convictions, the Third Department rejected Porter's argument that the drugs seized on the dates in question should have been suppressed, and instead concluded that Porter's actions around the time the evidence was seized "constituted an abandonment of the property, thus authorizing a seizure of the property by the police without a violation of defendant's constitutional rights[.]" Porter, 169 A.D.2d at 882-83 (citation omitted). The Appellate Division found the remaining contentions raised by Porter in that appeal[4] to be "lacking in merit." Porter, 169 A.D.2d at 883.

On or about February 27, 2001, petitioner appears to have moved pursuant to N.Y. Criminal Procedural Law ("CPL"), § 440.10, to vacate his convictions ("February, 2001 CPL Motion"). In that collateral challenge, Porter alleged that two of the Schenectady City police officers who assisted in the criminal investigation concerning Porter's actions, Nicola Messere and Robert Frederick, had committed perjury, presumably during the course of the suppression hearing conducted by the trial court.[5] See Affidavit in Opposition to February, 2001 CPL Motion at ¶ 8. Petitioner's February, 2001 CPL Motion was denied by Schenectady County

---

[4] The respondent failed to provide this Court with the briefs associated with that challenge. Therefore, the undersigned, like Judge Peebles, is unable to discern what other issues were placed in contention in that appeal. See, e.g., Report-Recommendation at 4 n.2. However, it does not appear as though any of those appellate issues are relevant to the claims now being asserted in this habeas proceeding.

[5] Unfortunately, the Court was not provided with a copy of Porter's February, 2001 CPL Motion. Therefore, the undersigned has attempted to ascertain the claims asserted in that submission by reference to the affidavit filed by the district attorney in opposition to Porter's February, 2001 CPL Motion.

Court Judge Michael C. Eidens on May 22, 2001, and Porter's application for leave to appeal that ruling was denied by the Third Department on August 3, 2001. See People v. Porter, No. 13116 (3d Dep't Aug. 3, 2001).

On January 10, 2002, Porter filed a second CPL § 440.10 motion in which he again sought to vacate his convictions ("January, 2002 CPL Motion"). In that application, Porter claimed that the then-recent criminal conviction of Officer Messere – who testified for the prosecution before the grand jury that indicted Porter, as well as at the suppression hearing conducted by Judge Harrigan – constituted new evidence that cast doubt on the propriety of Porter's convictions and strongly suggested that the testimony given by that officer at those proceedings was perjurious. See January, 2002 CPL Motion at 5-18; see also United States v. Hamilton et al., 334 F.3d 170 (2d Cir. 2003) (affirming Messere's conviction on the criminal charge of distributing and possessing with intent to distribute cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)). Porter's January, 2002 CPL Motion was opposed by the Schenectady County district attorney, and in a Decision and Order dated May 1, 2002, Judge Eidens denied that application for collateral relief based upon that court's determinations that: i) the evidence upon which Porter relied in support of his January, 2002 CPL Motion was insufficient to warrant vacating the convictions; and ii) Porter's knowing and voluntary guilty plea to the criminal charges in 1988 foreclosed him from challenging those convictions. See People v. Porter, No. 987-3 (Schenectady Cty. Ct. May 1, 2002) ("May, 2002 Decision") at 1-2.[6] Porter did not seek leave to appeal that determination of Judge Eidens from the Appellate

---

[6] In his decision, Judge Eidens concluded that Officer Messere's federal drug conviction, which came about approximately thirteen years after Porter's 1988 prosecution, did not effect the integrity of the earlier proceeding, in part because the officer's conviction

5

Division.

   B.     **Proceedings in this Action**

Petitioner commenced this proceeding on July 31, 2002. Dkt. No. 1 at 7. On September 3, 2002, then-chief United States District Judge Frederick J. Scullin, Jr. directed Porter to file an amended petition herein if he wished to proceed with this matter. Dkt. No. 4. In compliance with that court directive, on November 22, 2002, Porter filed an amended petition in support of his request for federal habeas intervention. Dkt. No. 8 ("Am. Pet."). In that amended pleading, Porter frames the substance of his claims as follows:

> [Petitioner] was convicted on the basis of perjured testimony by one Officer Nicola Messere and partner at the suppression hearing, and ... was coerced by counsel into pleading guilty when he was in fact actually innocent.

Am. Pet. at (unnumbered) 3.

On December 5, 2002, Judge Scullin ordered the New York State Attorney General to be named as a respondent in this matter in light of the fact that the Fort Dix Warden named by Porter as the respondent to his pleading resided outside the geographic limitations of the State of New York. Dkt. No. 9. On June 23, 2003, the Attorney General filed an answer and memorandum of law on respondent's behalf in opposition to Porter's amended petition. Dkt. Nos. 17, 18. In opposing Porter's request for habeas relief, respondent argues, inter alia, that

---

was not related to the crimes for which Porter was convicted. See May, 2002 Decision at 1-2. Judge Eidens determined that the newly discovered evidence on which Porter relied in support of his January, 2002 CPL Motion "would bear only on the credibility on the officer," and that such evidence was therefore "insufficient to warrant vacating [Porter's] conviction." May, 2002 Decision at 2.

6

the petition is untimely under the governing statute of limitations,[7] and that Porter is procedurally barred from asserting the claims set forth in his amended petition by virtue of his failure to seek leave to appeal the denial of his January, 2002 CPL Motion from the Appellate Division. See Respondent's Memorandum of Law in Opposition to Porter's Amended Pleading (Dkt. No. 18) at 2-8.

On August 13, 2003, petitioner filed a "traverse" in further support of his amended petition. Dkt. No. 22 ("Traverse"). In that filing, Porter argues that he timely commenced the present action, and that this Court can properly review the substance of his amended petition notwithstanding respondent's claim that Porter failed to fully exhaust the state court remedies that were available to him as to his claims. See Traverse at 5-11.

On October 11, 2005, Judge Peebles issued his October, 2005 Report-Recommendation. In that Report, Judge Peebles determined that because petitioner had served all of the sentence imposed on him in connection with his 1988 conviction, this district court was stripped of the subject matter jurisdiction necessary to address the constitutional validity of Porter's 1988 convictions. See October, 2005 Report-Recommendation at 7-11. Although Judge Peebles acknowledged Porter's argument that the challenged convictions "may have the lasting consequence of enhancing any further criminal sentences imposed upon the petitioner for unrelated offenses committed after the date of his conviction," Judge Peebles nevertheless concluded that this Court was without jurisdiction to consider Porter's amended pleading. October, 2005 Report-Recommendation at 10-11. Judge Peebles additionally opined in that

---

[7] Enactment by Congress of the AEDPA brought about significant changes to the prisoner litigation landscape. One of those was the institution of a one year statute of limitations for habeas corpus petitions filed after April 24, 1996. See 28 U.S.C. § 2244(d).

Report-Recommendation that if this Court were empowered to address Porter's petition, he would recommend a finding that although this action was timely filed under the AEDPA's statute of limitations, the claims set forth in petitioner's amended petition were nevertheless not exhausted in the state courts and therefore procedurally barred. Report-Recommendation at 15-20.

On November 17, 2005, Porter filed objections to the October, 2005 Report-Recommendation. See Dkt. No. 38 ("Objections"). In his objections addressed to the Court's subject matter jurisdiction over this action, Porter contends that Judge Peebles failed to appreciate the complexity of Porter's amended pleading, and that Judge Peebles' conclusion that he lacked subject matter jurisdiction over the present action was erroneous. See Objections at 1-5.[8]  Petitioner additionally asserts that in the event the undersigned determines that it does not have subject matter jurisdiction over this matter as one brought under 28 U.S.C. § 2254, this Court should nevertheless "change [the] legal vehicle [used by Porter] to coram nobis" in light of the "serious consequences" suffered by Porter as a result of his conviction. Objections at 4.

### 1. Subject Matter Jurisdiction

The undersigned first addresses the issue of whether this Court has subject matter jurisdiction over the present action.[9]

---

[8] Subsumed within that argument is Porter's argument that the respondent waived any defense based upon lack of subject matter jurisdiction by not raising that defense in its opposition papers. See Objections at 4.

[9] Although the respondent has not raised the issue of the Court's subject matter jurisdiction in opposing the relief requested by Porter, federal courts must consider issues that relate to its subject matter jurisdiction sua sponte. See McGinty v. New York, 251 F.3d

8

As Judge Peebles correctly noted in his October, 2005 Report-Recommendation, in the context of habeas petitions, the United States Supreme Court has noted that a petitioner must be "in custody" because of the conviction or sentence under attack at the time the habeas petition is filed for a federal district court to properly exercise subject matter jurisdiction over the proceeding. See October, 2005 Report-Recommendation at 8 (citing Carafas v. LaVallee, 391 U.S. 234, 238-39 (1968)). Additionally, Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to cases that present a "case or controversy." Spencer v. Kemna, 523 U.S.1, 7 (1998); Baur v. Veneman, 352 F.3d 625, 631-32 (2d Cir. 2003). As the Spencer Court noted, where the federal action no longer presents a case or controversy, the action is moot and the court no longer retains subject matter jurisdiction over the proceeding. Spencer, 523 U.S. at 7; see also Marrero Pichardo v. Ashcroft, 374 F.3d 46, 51 (2d Cir. 2004) ("[a] case becomes moot when it no longer satisfies the 'case-or-controversy' requirement of Article III, Section 2 of the Constitution") (citing Spencer). Thus, in addition to the "in custody" requirement of the habeas statute, federal courts must also ensure that a petitioner who has fully completed the sentence associated with the conviction under attack presents a "case or controversy" under Article III sufficient to afford the federal court subject matter jurisdiction over the proceeding.

Turning to the facts of the case sub judice, as noted above, Judge Harrigan sentenced Porter to two concurrent terms for his crimes, the longest of which was a term of five to fifteen years imprisonment for his conviction of the crime of criminal possession of a controlled substance in the third degree. See Transcript of Sentencing of Andre W. Porter (11/18/88) at

---

84, 90 (2d Cir. 2001); see also October, 2005 Report-Recommendation at 8.

10.  Porter began serving his sentence for that crime on September 6, 1998 – the date on which Judge Harrigan accepted Porter's guilty plea.  See Plea Tr. at 16-18 (county court remanding Porter to custody of the sheriff and prosecutor noting that Porter would receive credit for all time served by him in county jail prior to his eventual placement in a New York State prison following sentencing).

According to the website maintained by the Department of Correctional Services ("DOCS"), Porter was released to parole supervision on July 23, 1993, and the maximum expiration date relating to his sentence occurred on July 22, 2003.  See http://nysdocslookup.docs.state.ny.us /GCA00P00/WIQ3 /WINQ130 (Inmate Name: Andre Porter).[10]  Thus, the undersigned must determine whether an inmate who has fully served the sentence challenged by a habeas petition nevertheless satisfies both the "in custody" and "case or controversy" requirements applicable to federal habeas petitions.

### A. In Custody Requirement

The fact that Porter is no longer incarcerated as a consequence of the convictions challenged herein does not divest this Court of jurisdiction over the subject matter of this action because the Supreme Court has interpreted the habeas corpus statute as only requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed.  See Maleng v. Cook, 490 U.S. 488, 490-91 (1988) (emphasis added) (citing Carafas, 391 U.S. at 238).  Petitioner commenced this action on July 31, 2002, see Dkt. No. 1 at 7, nearly one year prior to the maximum expiration date relating to his sentence.  Thus,

---

[10] According to the DOCS web site, "[u]pon reaching the maximum expiration date, the individual's legal obligation to serve a custodial sentence or period of parole supervision ends" (available at www.docs.state.ny.us/univinq/fpmsdoc.htm#ME).

Porter has satisfied the "in custody" requirements of the federal habeas statute.

### B. Case or Controversy

As to the second factor this Court must consider in assuring that it has retained subject matter jurisdiction over this proceeding, the undersigned notes that the "case and controversy" requirement of the United States Constitution must be satisfied throughout the entire proceeding in federal court. Freedom Party of New York v. New York State Bd. of Elections, 77 F.3d 660, 662 (2d Cir. 1996). To satisfy this constitutional requirement where a habeas petitioner's sentence has fully expired, such litigant must demonstrate that despite the expired sentence, he nonetheless suffers from continuing collateral consequences as a result of the contested conviction. Spencer, 523 U.S. at 7; Grant v. Lantz, No. 3:05CV1756, 2006 WL 1662896, at *2 (D.Conn. June 1, 2006) (citation omitted). Where a petitioner fails to establish such continuing collateral consequences, the habeas petition must be dismissed as moot. E.g., Barnes v. Herbert, No. 01-CV-6448, 2005 WL 3299491, at *2 (W.D.N.Y. May 26, 2005) (citing Huang v. Johnson, 251 F.3d 65, 74 (2d Cir. 2001)) (other citations omitted); see generally Carafas, 391 U.S. at 237-39.

The Supreme Court has cited several examples of collateral consequences that a convicted felon endures notwithstanding the completion of his sentence that are sufficient to afford a federal court subject matter jurisdiction over a habeas petition where the petitioner has completed his sentence. Such consequences include the inability to serve as a juror, engage in certain businesses, or vote. Carafas, 391 U.S. at 237; see also Johnson v. Levine, 00Civ.8402, 2001 WL 282719, at *1 (S.D.N.Y. Mar. 21, 2001). Moreover, other collateral consequences that may flow from a challenged conviction include issues relating to parole eligibility or

revocation. E.g., United States v. Vargas, 615 F.2d 952, 959 (2d Cir. 1980).

Considering first the issue of parole eligibility or revocation relating to Porter, the undersigned notes that because the maximum expiration date relating to the longest sentence imposed on him passed on July 22, 2003, Porter cannot be placed on parole for the convictions challenged herein, nor can any parole that relates to those sentences be revoked. Thus, this factor cannot support a claim that there still exists a case or controversy with respect to the claims Porter has asserted in his amended petition.

Next, the Court finds that there is no possibility that Porter will suffer from any of the collateral consequences mentioned by the Court in Carafas as a result of the 1988 criminal convictions challenged in this § 2254 petition. In this regard, the Court notes that on June 8, 2000, Porter pleaded guilty before United States District Judge David N. Hurd to the crimes of conspiracy to possess with the intent to distribute and distribution of crack cocaine, as well as money laundering, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 1956, respectively.[11] Porter never pursued any appeal of that conviction with the Second Circuit, and his Motion to Vacate that conviction brought by him pursuant to 28 U.S.C. § 2255 was denied by Judge Hurd on October 21, 2002.[12]

---

[11] In his plea agreement in which he admitted to committing those offenses, Porter admitted that he possessed and intended to distribute more than five kilograms of cocaine. See, e.g., Porter v. United States, No. 1:02-CV-0843, Dkt. No. 6 at 2. At his change of plea in that criminal proceeding, Porter stipulated to the fact that the amount of cocaine involved in those federal conspiracy charges was between five to fifteen kilograms. See Change of Plea in United States v. Nunez et al., No. 00-CR-0050 (June 8, 2000) (Dkt. No. 277) at 27.

[12] Porter did not appeal the order of Judge Hurd which dismissed petitioner's § 2255 motion, and his time for filing any such appeal has long since expired.

Petitioner's felony convictions before Judge Hurd – which render Porter ineligible to serve as a juror, engage in certain businesses, or vote – establish that petitioner will not suffer any of the "collateral consequences" referenced by the Carafas Court that are solely attributable to the convictions challenged herein.  As the district court noted in Sylvester v. Hammock, 524 F.Supp. 53 (E.D.N.Y. 1981), "the impingement upon the civil rights of convicted felons with which the Supreme Court was concerned in Carafas is rendered meaningless" where the petitioner has been convicted of other felonies not challenged by the § 2254 petition. Sylvester, 524 F.Supp. at 55.  Thus, regardless of the outcome in the subject habeas action, Porter would nevertheless "remain a felon branded by the civil disabilities stemming from his [other] conviction."  Sylvester, 524 F.Supp. at 55.

Where "there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction," courts may properly find habeas petitions that challenge expired sentences to be moot.  E.g., Sibron v. New York, 392 U.S. 40, 54-57 (1968); Perez v. Greiner, 296 F.3d 123, 125 (2d Cir. 2002).  Since there is no possibility that Porter will suffer from any collateral consequences as a result of the convictions he challenges in the present action, this Court adopts Judge Peebles' recommendation that this action be dismissed because this Court lacks subject matter jurisdiction over this proceeding.[13]

## 2.     **Conversion of Action to Coram Nobis Application**

---

[13]     As to Porter's assertion that a federal court's subject matter jurisdiction is "not really a jurisdictional defect" which was "legally waived by the Respondent," see Objections at 4, the undersigned finds this argument to be specious.  As the Supreme Court recently re-iterated in Arbaugh v. Y&H Corp., ___ U.S. ___, 126 S.Ct. 1235 (2006), "'subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived.'"  See Arbaugh, ___ U.S. at ___, 126 S.Ct. at 1244 (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)).

Apparently recognizing that his action is moot if viewed as one brought pursuant to 28 U.S.C. § 2254, petitioner seeks to avoid the dismissal of his § 2254 petition through his request that the undersigned consider this action as one seeking a writ of <u>coram</u> <u>nobis</u>.  <u>See</u> Objections at 4.

In <u>Finkelstein v. Spitzer</u>, 455 F.3d 131 (2d Cir. 2006), the Second Circuit recently considered the issue of whether a federal district court could properly issue a writ of <u>coram</u> <u>nobis</u> to an individual challenging a state court conviction.  In answering that question in the negative, the <u>Finkelstein</u> Court determined that "district courts lack jurisdiction to issue writs of <u>coram</u> <u>nobis</u> to set aside judgments of state courts."  <u>Finkelstein</u>, 455 F.3d at 134 (citing <u>Obado v. New Jersey</u>, 328 F.3d 716, 718 (3rd Cir. 2003); <u>Rivenburgh v. Utah</u>, 299 F.2d 842, 843 (10th Cir. 1962); <u>Sinclair v. Louisiana</u>, 679 F.2d 513, 514 (5th Cir. 1982); <u>Booker v. Arkansas</u>, 380 F.2d 240, 244 (8th Cir. 1967); <u>Thomas v. Cunningham</u>, 335 F.2d 67, 69 (4th Cir. 1964); and <u>Lowery v. McCaughtry</u>, 954 F.2d 422, 423 (7th Cir. 1992)).

Thus, in light of <u>Finkelstein</u>, this Court declines Porter's invitation to consider his petition filed pursuant to 28 U.S.C. § 2254 as an application for a writ of <u>coram</u> <u>nobis</u>.

### 3. **Procedural Default of Claims Asserted in Amended Petition**

Finally, although this Court has determined that this Court is without subject matter jurisdiction to consider the claims asserted by Porter, the undersigned nevertheless briefly addresses Porter's objections to Judge Peebles' alternative recommendation that Porter's amended petition be dismissed due to his procedural default.  <u>See</u>, <u>e.g.</u>, October, 2005 Report-Recommendation at 15-20.  That recommendation was rooted in the fact that Porter failed to seek leave to appeal concerning the county court's denial of Porter's January, 2002 CPL

Motion.  E.g., October, 2005 Report-Recommendation at 17-18.

In concluding that Porter had procedurally defaulted on the grounds he has asserted in his amended petition, Judge Peebles correctly noted that Porter failed to fully exhaust his state-court remedies as to the claims asserted in his January, 2002 CPL Motion because he did not seek leave from the Appellate Division to appeal Judge Eidens' May, 2002 Decision.  See October, 2005 Report-Recommendation at 17-18 (citing Lyon v. Senkowski, 109 F.Supp.2d 125, 134 (W.D.N.Y. 2000)).  In objecting to this aspect of Judge Peebles' October, 2005 Report-Recommendation, Porter asserts that he acted "in complete good faith" in attempting to satisfy the exhaustion requirement applicable to federal habeas claims, and suggests that his failure to fully comply with those requirements is excusable because the procedures that "layman litigants [are to follow in order to] protect their rights from waiver ha[ve] become a stupid morass."  Objections at 7.  He contends that the state remedies he has pursued in challenging his convictions have "been a joke," and amounted to "a fraud that did not protect Mr. Porter's rights."  Id.

Although the procedural requirements with which petitioners are required to comply in pursuing collateral challenges to their convictions may well be indeed complex, virtually all pro se litigants face substantial difficulties in pursuing claims challenging their convictions.  E.g. Diaz v. Conway, No. 04CIV5062, 2005 WL 1773631, at *1-2 (S.D.N.Y. July 26, 2005) (litigant's claim that his habeas petition involved "complex legal and factual issues" "amount[ed] to nothing more than a statement of universally applicable [factors] that are present in every pro se habeas proceeding").  Moreover, the Supreme Court has specifically noted that the submissions of pro se litigants are to be held to less stringent standards than

15

formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 596 (1972); Iwachiw v. New York State Dept. of Motor Vehicles, 396 F.3d 525, 529 n.1 (2d Cir. 2005) (citing Haines); Phillips v. Gordich, 408 F.3d 124, 130 (2d Cir. 2005); Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997)); Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995).   Furthermore, the Court's review of the submissions filed by Porter in this action, as well as in the state court proceedings below, demonstrates that petitioner has been able to adequately pursue his challenges to the convictions attacked herein.

Since petitioner has not provided any legal justification for his failure to seek leave to appeal with respect to the May, 2002 Decision of Judge Eidens, this Court adopts the recommendation of Judge Peebles which recommends a finding that Porter failed to exhaust his state court remedies as to the claims he asserts in this action.[14]

In (alternatively) recommending the dismissal of Porter's amended pleading as procedurally forfeited, Judge Peebles further opined that petitioner could not avoid the dismissal of his habeas claims based upon his failure to exhaust because petitioner has neither demonstrated cause for his failure to exhaust his federal claims, nor established that a fundamental miscarriage of justice would be left unremedied absent federal review of his amended pleading.  E.g., October, 2005 Report-Recommendation at 18-20.  Upon review of that Report-Recommendation, petitioner's objections thereto, and the law in this Circuit relating to the limited exceptions available to habeas petitioners who have procedurally defaulted on their habeas claims, this Court adopts Judge Peebles finding that petitioner has

---

[14]   Petitioner had no apparent difficulty in seeking leave to appeal Judge Eidens' May 22, 2001 order which denied Porter's February, 2001 CPL Motion.

failed to demonstrate that he is entitled to substantive review of his habeas claims notwithstanding his failure to exhaust. Thus, if this Court had retained subject matter jurisdiction over this matter, the undersigned agrees with Judge Peebles that Porter's claims have nevertheless been procedurally forfeited.

### 4.     Application for Bail

As noted above, in August, 2006, Porter filed an application seeking bail pending the final resolution of his habeas petition. Dkt. No. 41.

Although no rule or statute expressly empowers a federal habeas court to grant bail pending the resolution of a habeas corpus petition, it has been observed that "'[a] district court has inherent power to enter an order affecting the custody of a habeas petitioner who is properly before it contesting the legality of his custody.'" Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001) (quoting Ostrer v. United States, 584 F.2d 594, 596 n.1 (2d Cir. 1978)). However, "the granting of bail during the pendency of a habeas petition is only authorized after the district court has found merit in the subject petition, and only then under unusual circumstances." Lynch v. Campbell, No. 96-CV-0127, 1997 WL 18141, at *6 (N.D.N.Y. Jan. 15, 1997) (Pooler, J.) (citing Shepard v. Taylor, 433 F.Supp. 984, 987 (S.D.N.Y.), aff'd without op. 573 F.2d 1295 (2d Cir. 1977)).

Since the undersigned has denied Porter's amended habeas petition, his request for bail pending the decision on that application must also be denied.

## III.    Certificate of Appealability

Finally, the undersigned notes that 28 U.S.C. § 2253(c) provides in relevant part that:

> Unless a circuit justice or judge issues a certificate of
> appealability, an appeal may not be taken to the court of appeals

17

>  from –
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court ....[15]

28 U.S.C. § 2253(c)(1)(A).  A Certificate of Appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2).  Since petitioner has failed to make such a showing herein, the Court declines to issue any Certificate of Appealability in this matter.

## IV.     Conclusion

This Court lacks subject matter jurisdiction to address the constitutional validity of the convictions Porter challenges by way of his amended petition because that sentence has fully expired and he cannot establish that he will suffer any collateral consequences resulting from the challenged convictions because he has pleaded guilty to two other felonies subsequent to the convictions he challenges herein.  Additionally, even if this Court were empowered to address the substance of Porter's amended petition, the undersigned would nevertheless be required to deny and dismiss such pleading because the claims set forth in same were not fully exhausted by Porter.  Consequently, petitioner is procedurally barred from asserting his federal habeas claims.  Since there is no legal basis to relieve the petitioner of his procedural default, his amended petition would be denied and dismissed on that basis if this Court had retained subject matter jurisdiction to consider the substance of Porter's amended pleading.

**WHEREFORE**, based upon the above, it is hereby

---

[15]     Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  See Fed.R.App.P. 22(b).

**ORDERED**, that the amended petition in this matter is **DENIED** and **DISMISSED** as moot, and it is further

**ORDERED**, that Porter's application for bail (Dkt. No. 41) is **DENIED**, and it is further

**ORDERED**, that the state court records be returned directly to the Attorney General at the conclusion of these proceedings (including any appeal of this Memorandum-Decision and Order filed by any party), and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order upon the parties by regular or electronic mail.

A Certificate of Appealability shall not be issued in this matter.

Dated:     October 4, 2006
           Syracuse, NY

_____
Neal P. McCurn
Senior U.S. District Judge