**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
**ANDRE W. PORTER,**

       **Petitioner,**

v.                                                             **Civil Action No.**
                                                                **02-CV-1027**
**WARDEN, FCI FORT DIX, et al.,**                     **(NPM/DEP)**

       **Respondents.**
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**APPEARANCES:**                              **OF COUNSEL:**

**FOR PETITIONER:**

**ANDRE W. PORTER, pro se**
Reg. No. 03128-052
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**FOR RESPONDENTS:**

**HON. ANDREW CUOMO**              **STEVEN H. SCHWARTZ, Esq.**
New York State Attorney General      Principal Attorney
The Capitol
Albany, NY 12224

**NEAL P. MCCURN**
**Senior, United States District Judge**

## DECISION AND ORDER

**I.**    **Background**

     Petitioner, pro se Andre W. Porter is a federal inmate currently confined in the Federal

Correctional Institution located at Fort Dix, New Jersey ("FCI Fort Dix"). He commenced this

proceeding in August, 2002 in an attempt to set aside convictions that occurred in Schenectady

County Court in 1988 following his guilty plea before Schenectady County Court Judge Clifford

T. Harrigan to the crimes of criminal possession of a controlled substance in the third and fourth degrees.

In his amended petition filed pursuant to a Court directive, Porter argued that his guilty plea was invalid because it was obtained in violation of his constitutional rights. See Dkt. No. 8. Respondent opposed Porter's amended pleading arguing, inter alia, that: i) it was untimely filed in light of the statute of limitations that is now applicable to federal habeas petitions due to the Antiterrorism and Effective Death Penalty Act of 1996; and ii) petitioner's failure to fully exhaust available state court remedies before commencing this proceeding prohibited this Court from considering the merits of Porter's pleading. See Dkt. Nos. 17, 18.

In a Report-Recommendation dated October 11, 2005, Magistrate Judge David E. Peebles concluded that although Porter's petition was timely filed, dismissal of this action was nevertheless required because this Court lacked subject matter jurisdiction over this matter because the application had been rendered moot. See Dkt. No. 36 ("October, 2005 Report-Recommendation") at 9-11. Judge Peebles further concluded that even if this Court had retained subject matter jurisdiction over this action, Porter's application was nevertheless subject to dismissal because he failed to fully exhaust available state court remedies before he commenced this matter. See October, 2005 Report-Recommendation at 15-20. On November 17, 2005, Porter filed objections to the October, 2005 Report-Recommendation. See Dkt. No. 38 ("Objections").

In a Memorandum-Decision and Order issued by the undersigned on October 4, 2006, this Court noted that according to the website maintained by the Department of Correctional Services ("DOCS"), Porter was released to parole supervision on July 23, 1993, and the maximum expiration date relating to the sentence challenged in this action purportedly occurred on July 22,

2003. See Dkt. No. 42 ("October, 2006 MDO") at p. 10 (citation omitted). This Court then considered the issue of whether an inmate who had fully served a sentence challenged by a habeas petition could nevertheless satisfy both the "in custody" and "case or controversy" requirements applicable to federal habeas petitions. After determining that Porter satisfied the "in custody" requirements of the federal habeas statute, see October, 2006 MDO at 10-11, this Court then considered whether his claims satisfied the "case and controversy" applicable to federal actions. See October, 2006 MDO at 11 (citing Freedom Party of New York v. New York State Bd. of Elections, 77 F.3d 660, 662 (2d Cir. 1996)). Since the DOCS' website indicated that Porter's sentence had fully expired, and this Court learned that subsequent to the convictions challenged by his habeas action Porter had pleaded guilty to two other felonies, this Court concluded that Porter's action did not present a justiciable case and controversy which in turn deprived this Court of subject matter jurisdiction over this action. See October, 2006 MDO at 11-13.[1]

In his November 13, 2006 application seeking reconsideration of the October, 2006 MDO, Porter claims that subsequent to receiving this Court's October, 2006 MDO, petitioner contacted a case manager at his current facility. Porter asserts that such individual inquired into the status of Porter's state sentence and thereafter informed him that the state court sentence which this Court believed had fully expired would actually not expire until July, 2008. See Motion for Reconsideration (Dkt. No. 44) at 1. Petitioner argues that in light of that information, this Court has subject matter jurisdiction over his amended petition and that the relief requested in such pleading should be granted by this Court. *See* Motion for Reconsideration at 1-2.

---

[1] Where a case no longer presents a live case or controversy, such action is moot. McCauley v. Trans Union, L.L.C., 402 F.3d 340, 342 (2d Cir. 2005).

## II. Discussion

### A. Legal Standards Governing Porter's Motion for Reconsideration

Initially, the undersigned notes that in this District, a motion for reconsideration may properly be granted where the petitioner demonstrates the existence of one of three factors:

> (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error of law or prevent manifest injustice. United States v. Gagnon, 250 F.Supp.2d 15, 18 (N.D.N.Y. 2003) (citations omitted).

Human Electronics, Inc. v. Emerson Radio Corp., No. 03-CV-1318 (Dkt. No. 90), 2004 WL 3369967, at *10 (N.D.N.Y. Oct. 28, 2004) (DiBianco, M.J.), adopted, Human Electronics, Inc. v. Emerson Radio Corp., No. 03-CV-1318 (Dkt. No. 101) (N.D.N.Y. May 19, 2005) (Hurd, J.).[2]

This Court now considers Porter's motion for reconsideration in light of the above-referenced legal standards.

### B. Mootness

As noted above, in its October, 2006 MDO, this Court principally determined that petitioner's action was subject to dismissal because it had been rendered moot. See October, 2006 MDO at 11-13. Subsequent to receiving Porter's application for reconsideration, this Court contacted the DOCS to determine whether the maximum expiration date relating to his sentence occurred on July 22, 2003 (as reflected on the DOCS website and referenced by this Court in its

---

[2] Porter also had the option of filing a motion for relief from a judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure with respect to the Court's October, 2006 MDO. In this regard, the undersigned notes that Fed.R.Civ.P. 60(b)(1) may be utilized by a party to correct both mistakes of law and mistakes of fact that exist in a final order of a district court. See In re 310 Associates, 346 F.3d 31, 35 (2d Cir. 2003) (citation omitted).

October, 2006 MDO),[3] or whether that date had not yet occurred (as alleged by Porter in his motion for reconsideration). This Court thereafter received a letter from the associate counsel in charge of sentencing review at the DOCS dated December 1, 2006. See Dkt. No. 45 ("December, 2006 Letter"). That letter states, in substance, that due to the manner in which the DOCS is statutorily directed to compute inmate sentences, as of January 28, 2000, Porter still "owed 8 years and 29 days" on the combined sentences he was serving for, inter alia, the conviction challenged in the present action. See December, 2006 Letter at 3.

In the context of federal habeas petitions challenging the validity of a state court conviction, Article III's "case-or-controversy" requirement is satisfied where a term of imprisonment has not yet expired "because the incarceration 'constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction.'" Gary v. Conway, No. 03-CV-0480, 2006 WL 3290149, at *3 (N.D.N.Y. Nov. 13, 2006) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)) (other citation omitted) (Kahn, J.). Since it is now apparent that the sentence imposed on Porter as a consequence of the convictions challenged herein have not yet fully expired, petitioner's motion for reconsideration is granted as to the portion of the October, 2006 MDO which determined that Porter's action is moot. This Court therefore considers whether Porter is entitled to the reconsideration of the other aspects of this Court's October, 2006 MDO.

C.     **Failure to Exhaust**

In addition to concluding that Porter' habeas action was moot in its October, 2006 MDO,

---

[3] As of the date of this Decision and Order, the undersigned notes that the DOCS' website still lists the maximum expiration date relating Porter's sentence as having occurred on July 22, 2003. See http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ2/WINQ120 (Inmate Name: Andre Porter, DIN No. 88B2526).

the undersigned also determined that Magistrate Judge Peebles had correctly found that Porter was procedurally barred from obtaining the relief he seeks herein because he failed to fully exhaust the claims raised in this action in the state courts. See October, 2006 MDO at 14-17.

In considering whether Porter is also entitled to reconsideration as to that aspect of the Court's Memorandum-Decision and Order, this Court briefly reviews the state court proceedings below which resulted in the Court's finding of procedural default, together with Second Circuit precedent relating to the issue of exhaustion of federal habeas claims.

### 1. Collateral Challenges to Conviction Filed by Porter[4]

Following his unsuccessful appeal of his convictions to the New York State Supreme Court, Appellate Division, Third Department,[5] Porter filed a motion in February, 2001 pursuant to N.Y. Criminal Procedural Law ("CPL"), § 440.10 to vacate his convictions ("February, 2001 CPL Motion"). In that collateral challenge, Porter alleged that two Schenectady City police officers who had assisted in the criminal investigation concerning Porter's actions – Nicola Messere and Robert Frederick – had committed perjury, presumably before the grand jury and/or during the course of the suppression hearing conducted by the trial court. See Affidavit in Opposition to February, 2001 CPL Motion ("February, 2001 Aff. in Opp.") at ¶ 8.[6] Porter also appears to have

---

[4]   In light of the Court's finding in the October, 2006 MDO that this Court did not have subject matter jurisdiction over Porter's action, the undersigned only briefly discussed the issue of exhaustion in that order. See October, 2006 MDO at 14-17. Since this Court has now determined that it has retained subject matter jurisdiction over this action, the undersigned will discuss in more detail the exhaustion rule applicable to federal habeas petitions.

[5]   Porter's convictions were affirmed on direct appeal to the Third Department. People v. Porter, 169 A.D.2d 882 (3d Dept. 1991).

[6]   This Court was not provided with a copy of Porter's February, 2001 CPL Motion. The undersigned has therefore attempted to discern the claims he raised in that application by

claimed in that application that his guilty plea was not knowingly, intelligently and voluntarily made. See February, 2001 Aff. in Opp. at ¶ 9. Petitioner's February, 2001 CPL Motion was denied by Schenectady County Court Judge Michael C. Eidens on May 22, 2001, and Porter's application for leave to appeal that ruling was denied by the Appellate Division on August 3, 2001. See People v. Porter, No. 13116 (3d Dep't Aug. 3, 2001).[7]

The record also reflects that on January 10, 2002, Porter filed a second CPL § 440.10 motion in the Schenectady County Court in which he again sought to vacate his convictions ("January, 2002 CPL Motion"). In that application, Porter claimed that the then-recent criminal conviction of Officer Messere – who testified for the prosecution before the grand jury that indicted Porter and at the suppression hearing conducted by the County Court – constituted new evidence that cast doubt on the vitality of Porter's convictions and strongly suggested that the testimony given by that officer at those proceedings was perjurious. See January, 2002 CPL Motion at 5-18. On February 13, 2002, the Schenectady County district attorney filed papers in opposition to Porter's January, 2002 CPL Motion.

In his Decision and Order dated May 1, 2002, Judge Eidens denied Porter's January, 2002 CPL Motion. Specifically, that Court concluded that:

---

referring to the affidavit filed by the district attorney in opposition to Porter's February, 2001 CPL Motion, a copy of which was provided to this Court.

[7] On the same day that the Appellate Division denied Porter's leave application, he apparently sent a letter to the Appellate Division wherein he advised them that he had recently learned that Officer Messere had been arrested and indicted on federal narcotics charges. See Motion for Reconsideration, Attachment B. Petitioner does not, however, allege that the Appellate Division took any further action after receiving that letter from Porter, and this Court's research failed to reveal any order issued by that Court which related to Porter's August 3, 2001 letter.

> The recent conviction of the police officer in the instant case did not occur for 13 years after [Porter's] conviction. Officer Messere's conviction was not related to the crimes [of] which [Porter] was convicted. If [Porter] was granted a new trial, such evidence would only bear on the credibility of the officer. This alone is insufficient to warrant vacating [Porter's] conviction. Additionally, as the People correctly argue, [Porter's] guilty plea foreclosed vacature of his conviction pursuant to Section 440.10(1)(g). The Court has previously held that [Porter's] guilty plea was both knowing and voluntary.

See People v. Porter, No. 987-3 (Schenectady Cty. Ct. May 1, 2002) ("May, 2002 Decision") at 1-2. Significantly, Porter did not seek leave to appeal that determination of Judge Eidens from the Appellate Division.

### 2. Exhaustion Requirement of 28 U.S.C. § 2254

It is well settled that a federal district court "'may not grant the habeas petition of a state prisoner unless it appears that the applicant has exhausted the remedies available in the courts of the State ....'" Shabazz v. Artuz, 336 F.3d 154,160 (2d Cir. 2003) (quoting Aparicio v. Artuz, 269 F.3d 78, 89 (2d Cir. 2001)) (other citation omitted); see also Ellman v. Davis, 42 F.3d 144, 147 (2d Cir. 1994). This is because "[s]tate courts, like federal courts, are obliged to enforce federal law." Galdamez v. Keane, 394 F.3d 68, 72 (2d Cir.) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999)), cert denied sub nom., Galdamez v. Fischer, 544 U.S. 1025 (2005). As the Supreme Court noted in O'Sullivan, "[c]omity ... dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan, 526 U.S. at 844; see also Galdamez, 394 F.3d at 72 (quoting O'Sullivan).[8]

---

[8] This exhaustion requirement "reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court

8

Claims raised in a CPL 440 motion are fully exhausted for purposes of 28 U.S.C. § 2254 where a party has sought leave to appeal the denial of the 440 motion from the appropriate Appellate Division. E.g., Diaz v. Smith, No. 04 CIV. 1337, 2007 WL 946196, at *4 n.10 (S.D.N.Y. Mar. 27, 2007); Brooks v. Walker, No. 9:01CV760, 2006 WL 1875103, at *8 (N.D.N.Y. July 3, 2006) (Sharpe, D.J.) ("To fully exhaust a CPL § 440 motion in state court, a party must obtain a decision from the Appellate Division regarding his leave application") (citations omitted).

In the present case, Porter has never alleged in any of his filings that he sought leave to appeal the May, 2002 Decision of the County Court. To the contrary, he appears to concede that he never filed any such leave application. See Objections at 7. Moreover, it is apparent that Porter cannot now file such an application with the Appellate Division because in New York, a person who wishes to appeal the denial of a CPL 440 motion must file an application seeking leave to appeal with the Appellate Division "within thirty days after service upon the defendant of a copy of the order sought to be appealed." Wedra v. LeFevre, 988 F.2d 334, 339 (2d Cir. 1993) (citing CPL §§ 450.15, 460.10(4)(a) and 460.15); see also Estwick v. Walker, No. 01 CIV 2174, 2002 WL 123474, at *2 (S.D.N.Y. Jan. 29, 2002) (citation omitted). Additionally, a defendant who fails to file an application seeking leave to appeal within the prescribed period may seek permission to file a late application up to one year after the time for the taking of such appeal has expired. See CPL § 460.30(1).

In the case sub judice, the County Court denied Porter's January, 2002 CPL Motion on

---

conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan 526 U.S. at 845; see also Galdamez, 394 F.3d at 72 (citing O'Sullivan).

May 1, 2002. Since Porter did not seek leave to appeal that decision, or file a timely request for an extension of time to seek such leave, he has failed to fully exhaust his habeas application.

When a habeas claim has not been fully exhausted in the state courts, a federal court may find that there is an absence of available state corrective process under § 2254(b) "if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile." Aparicio, 269 F.3d at 90 (citing Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997)); Lurie v. Wittner, 228 F.3d 113, 124 (2d Cir. 2000) (federal court may address merits of habeas petition containing unexhausted claims where there is no further state proceeding for petitioner to pursue or where further pursuit would be futile); Alexis v. Smith, No. 03 Civ.391, 2003 WL 22434154, at *3 (S.D.N.Y. Oct. 24, 2003). Since petitioner is now plainly barred from seeking leave to appeal as to the County Court's May, 2002 Decision, his federal claims based upon the allegations asserted in that collateral challenge to his conviction are procedurally defaulted.

Federal courts may only consider the substance of procedurally barred claims where the petitioner can establish both cause for the procedural default and prejudice, or alternatively, that a fundamental miscarriage of justice would occur absent federal habeas review. See DiGuglielmo v. Smith, 366 F.3d 130, 135 (2d Cir. 2004) (federal review of procedurally barred claims is unavailable unless petitioner "can show cause for the default and actual prejudice resulting therefrom, or show that he is actually innocent") (internal quotations and citations omitted); Dixon v. Miller, 293 F.3d 74, 80-81 (2d Cir. 2002) (citations omitted); Ramirez v. Attorney General of State of New York, 280 F.3d 87, 94 (2d Cir. 2001); Fama v. Commissioner of Correctional Services, 235 F.3d 804, 809 (2d Cir. 2000); Ferguson v. Walker, 2002 WL 31246533, at *2

(S.D.N.Y. Oct. 7, 2002) (citing Fama) (other citation omitted); see generally Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

To establish "cause," a petitioner must show that some objective external factor impeded his ability to fully exhaust his federal claims. See Coleman v. Thompson, 501 U.S. 722, 753 (1991); Restrepo v. Kelly, 178 F.3d 634, 638 (2d Cir. 1999) (discussing cause in context of petitioner's procedural default); Doleo v. Reynolds, 2002 WL 922260, at *3 (S.D.N.Y. May 7, 2002) (petitioner must demonstrate cause for failure to exhaust claims). Examples of external factors include "interference by officials," ineffective assistance of counsel, or that "the factual or legal basis for a claim was not reasonably available." Murray, 477 U.S. at 488; Bossett v. Walker, 41 F.3d 825, 829 (1994) (citing Murray); United States v. Helmsley, 985 F.2d 1202, 1206 (2d Cir. 1992); Lovacco v. Stinson, No. 97CV5307, 2004 WL 1373167, at *3 (E.D.N.Y. June 11, 2004) (citing Murray).[9]

In an apparent effort to establish cause for his procedural default, Porter suggests that his failure to fully comply with the exhaustion requirements applicable to this action is excusable because the procedures with which he was required to comply to exhaust his claim " ha[ve] become a stupid morass." See Objections at 7. Petitioner further contends that the state remedies he has pursued in challenging his convictions have "been a joke," and amounted to "a fraud that did not protect Mr. Porter's rights." Id. However, as this Court noted in its October, 2006 MDO,

---

[9] However, "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" Coleman, 501 U.S. at 752-53 (quoting Murray, 477 U.S. at 488).

11

although the procedural requirements with which petitioners are required to comply in pursuing collateral challenges to their convictions may well be complex, virtually all pro se litigants face substantial difficulties in pursuing claims challenging their convictions.  E.g. Diaz v. Conway, No. 04CIV5062, 2005 WL 1773631, at *1-2 (S.D.N.Y. July 26, 2005) (litigant's claim that his habeas petition involved "complex legal and factual issues" "amount[ed] to nothing more than a statement of universally applicable [factors] that are present in every pro se habeas proceeding").  Moreover, as is noted above, Porter filed a pro se application for leave to appeal the County Court's May, 2001 Order that denied Porter's initial CPL Motion.  Therefore, petitioner cannot now properly claim his pro se status should excuse his failure to file a leave application with respect to the second CPL Motion he filed in the state courts.

Since Porter has not established cause for his failure to exhaust, this Court need not decide whether he has suffered prejudice because, absent proof that the failure to consider the merits of the procedurally barred claims would result in a fundamental miscarriage of justice, federal habeas relief is unavailable as to such claims unless **both** cause and prejudice is established.  See Stepney v. Lopes, 760 F.2d 40, 45 (1985); D'Alessandro v. Fischer, No. 01 CIV. 2551, 2005 WL 3159674, at *9 n.10 (S.D.N.Y. Nov. 28, 2005) ("[a]s Petitioner has not shown cause for his default, this Court need not even reach the question of whether Petitioner can show prejudice") (citing Stepney); Moore v. Greiner, No. 02 CIV.6122, 2005 WL 2665667, at *12 (S.D.N.Y. Oct. 19, 2005) (citing Stepney); Lutes v. Ricks, No. 02-CV-1043, 2005 WL 2180467, at *9 (N.D.N.Y. Sept. 9, 2005) (McAvoy, S.J.) (citing Stepney and Jones v. Barkley, No. 9:99-CV-1344, 2004 WL 437468, at *9 (N.D.N.Y. Feb. 27, 2004) (Sharpe, J.) (collecting cases)); Pou v. Keane, 977 F.Supp. 577, 581 (N.D.N.Y. 1997) (Kahn, J.).

Additionally, after reviewing the state court record – including Porter's guilty plea to the subject charges – this Court finds no basis to conclude that the denial of his procedurally barred claims would result in a fundamental miscarriage of justice, which has been interpreted by the Second Circuit as the "unjust incarceration" of an individual. <u>Spence v. Superintendent, Great Meadow Correctional Facility</u>, 219 F.3d 162, 170 (2d Cir. 2000).

Since Porter's habeas claims that relate to or otherwise arise out of Messere's claimed perjury or his subsequent conviction are procedurally barred, he is not entitled to reconsideration of the aspect of the Court's October, 2006 MDO which denied those claims.

**D.  Remaining Claims in Porter's Petition**

Although Petitioner's amended pleading is premised in large part on his claim that Officer Messere's corrupt actions in the criminal investigation relating to Porter render his convictions invalid, <u>see</u> Am. Pet. at (unnumbered) 5-7, <u>see</u> <u>also</u> Supporting Mem. at (unnumbered) 19 (petitioner arguing that he could not have been convicted "on objective evidence," and that he was instead "sacrificed ... to ... coverup ... exactly how far Mr. Messere's corruption did go"), a liberal reading of that pleading reveals that same might also be viewed as one that asserts a claim that his guilty plea was not knowingly and voluntarily made. In this regard, the undersigned notes that petitioner alleges in this action that at the time he entered his guilty plea, he was under the impression that he "would only receive probation." <u>See</u> Am. Pet. at (unnumbered) 7 (typeface in original). Since this claim could be viewed as being independent of Porter's claim that relates to the alleged actions of Officer Messere, the undersigned will consider whether Porter is entitled to

the relief he seeks based upon a claim that his guilty plea was not knowingly made.[10]

### 1.  Clearly Established Supreme Court Precedent

The Due Process Clause of the United States Constitution requires an affirmative showing that a defendant's guilty plea was both knowingly and voluntarily made.  See Godinez v. Moran, 509 U.S. 389, 400 (1993).  The test for determining the validity of a guilty plea is well established; courts must determine "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"  Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)).

### 2.  Contrary To, or Unreasonable Application Of, Clearly Established Supreme Court Precedent

In support of his claim that his guilty plea was not knowingly made, Porter argues that he was under the impression that he would not receive a prison sentence if he pleaded guilty.  Specifically, he alleges that he "was only persuaded to pleaded guilty because Defense Counsel insisted that by so pleading [Porter] would receive no jail time and preserve his basketball scholarship."  See Am. Pet. at (unnumbered) 7 (typeface in original).

The transcript of the proceeding at which Porter pleaded guilty to the charges challenged by the present action reflects the following discussion relating to Porter's sentence:

> DEFENSE COUNSEL:  Your Honor, I would like the Court to clarify what has been the sum and substance of the plea bargain sessions; specifically, that the Court has agreed that upon the consent or recommendation of the District Attorney's office that upon the entry of this plea the Court will not sentence Mr. Porter to the maximum

---

[10] As noted above, Porter appears to have challenged the validity of his plea in his February, 2001 CPL Motion.

>
> penalty available.  He is pleading to a Class B Felony and Class C Felony, both drug possession charges.  I have explained to Mr. Porter that the maximum on that is, I believe, eight and a third to 25.  However, there are no other promises made by the Court.  The District Attorney had at one point suggested a cap of two to four.  The Court would not accept that suggestion.
>
> DISTRICT
> ATTORNEY:   Two to six.
>
> THE
> COURT:   I think it was two to six.  It would have to be two to six.
>
> DEFENSE
> COUNSEL:   Two to six.  [A]nd the Court would not agree to confine itself to that cap.  However, it has been explained by me that Mr. Porter will naturally by statute be subject to a lengthy pre-sentence investigation by the Probation Department, [and] that the Court will, as it does in every case, give serious consideration to the evaluation and the suggestion of the Department of Probation.  I just want it on the record that Mr. Porter understands that.
>
> THE
> COURT:   All right, I'll go into that colloquy with you in a minute, but before we do, do you basically understand that?
>
> PORTER:   Yes.

Plea Tr. at 2-4.

Later during that same proceeding, after advising Porter of, <u>inter</u> <u>alia</u>, the rights he would be waiving by pleading guilty to the charges, Judge Harrigan again discussed Porter's sentencing exposure if the court ultimately accepted Porter's guilty plea.  Specifically, the

15

record reflects the following colloquy between the trial court and Porter relating to this issue:

> THE COURT: Now, in connection with the two counts that you are pleading guilty to, the first one is a Class B Felony offense. There is a possibility of being sent to a state prison for as much as eight and a half to fifteen years in connection with that. Do you understand that?
>
> PORTER: Yes.
>
> THE COURT: And in connection with the second count, it is a Class C Felony, and there is a possibility of being sent to a state prison in connection with that anywhere from five to fifteen years. Do you understand that?
>
> PORTER: Yes.
>
> \* \* \* \* \*
>
> DISTRICT ATTORNEY: Your Honor, if I might, the total exposure is ... eight and a half to twenty-five, and five to fifteen, so just so he understands that and the record is clear.
>
> \* \* \* \* \*
>
> DEFENSE COUNSEL: Your Honor, I also believe that as part of your plea bargain promise you indicated that you would not sentence him consecutively.
>
> THE COURT: That's right, I neglected to say that. The offer was that I would not sentence him consecutively, and I would not sentence him to a maximum term. Is that your understanding, Mr. Porter?
>
> PORTER: Yes.
>
> THE

> COURT: All right, is there anything at all that you do not understand in connection with what's going on here this morning that you would like to ask me about or ask [Porter's counsel]?
>
> PORTER: No.

Plea Tr. at 10-12.

Thus, the transcript of Porter's change of plea demonstrates that his current habeas claim that he was induced into pleading guilty based upon a belief that he would not be sentenced to any term of imprisonment is entirely without merit; Porter was clearly aware that he would likely be sentenced to a term of imprisonment longer than two to six years, Plea Tr. at 3-4, and that he was subject to a maximum term of eight and a half to twenty-five years. Plea Tr. at 11-12. Moreover, nothing in that transcript suggests that his guilty plea was not knowingly, intelligently and voluntarily made. Thus, the County Court's denial of Porter's challenge to the validity of his plea is entirely consistent with the above-cited Supreme Court precedent. Therefore, Porter's motion for reconsideration must be denied as to this remaining claim.

**WHEREFORE**, after having reviewed the state court record, Porter's motion for reconsideration, the other documents filed by the parties in this action, the applicable law and the prior orders issued in this action, it is hereby

**ORDERED**, that Porter's motion for reconsideration (Dkt. No. 44) is **GRANTED** to the extent that the portion of this Court's October, 2006 Memorandum-Decision and Order which dismissed Porter's action for lack of subject matter jurisdiction is hereby **VACATED**, and it is further

**ORDERED**, that Porter's motion for reconsideration (Dkt. No. 44) is in all other respects **DENIED**. Porter's Amended Habeas Petition shall remain dismissed for the reasons stated herein, and it is further

**ORDERED**, that the Clerk of Court serve a copy of this Decision and Order upon the parties to this action by electronic mail.

**IT IS SO ORDERED.**

Dated:         April 23, 2007
               Syracuse, New York

_____
Neal P. McCurn
Senior U.S. District Judge